**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

September 15, 2026

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Upsolve, Inc. v. James*, No. 26-847

Dear Ms. Wolfe:

Defendant-appellee writes in response to plaintiffs-appellants' letter about *MacDonald v. President of New Jersey State Board of Medical Examiners*, 2026 WL 2563361 (3d Cir. Aug. 31, 2026), in which the Third Circuit upheld a New Jersey telemedicine statute under intermediate scrutiny. That decision does not support plaintiffs here.

*MacDonald* does not undermine this Court's reasoning in *Upsolve, Inc. v. James ("Upsolve II")*, 155 F.4th 133 (2d Cir. 2025) or *Brokamp v. James*, 66 F.4th 374 (2d Cir. 2023). The Third Circuit did not rely on *Chiles v. Salazar*, 146 S. Ct. 1010 (2026) in concluding that New Jersey's telemedicine statute was content based, as plaintiffs wrongly contend. The Third Circuit correctly observed that *Chiles* focused on a statute that discriminated based on viewpoint—which neither the telemedicine statute nor the unauthorized-practice statutes do. *See MacDonald*, 2026 WL 2563361, at *3; See Resp't-Appellee's Br. 30-39.

Rather than rely on *Chiles*, the Third Circuit held that the telemedicine statute was content based because it prohibited discussion

about statutorily specified topics, such as diagnoses or prescriptions. *See MacDonald* 2026 WL 2563361, at *3. The court distinguished the therapy licensing statute at issue in *Brokamp,* which was content neutral because it applies based on therapeutic context rather than topics discussed. *Id.* at *3-4. The unauthorized-practice statutes are similarly content neutral because they apply based on the context in which legal counsel is provided rather than the topics discussed. *See Upsolve II,* 155 F.4th at 143. See Resp't-Appellee's Br. 27-30.

Lastly, plaintiffs miss the mark in emphasizing the Third Circuit's discussion about the history of medical licensing. The Third Circuit relied on that history to apply intermediate scrutiny despite concluding that the telemedicine statute was content based. There is no need for history here, where the Court has already correctly determined that intermediate scrutiny applies to the unauthorized-practice statutes because they are content neutral. In any event, contrary to plaintiffs' contentions, the unauthorized-practice statutes "have a lengthy pedigree in the Anglo-American legal tradition." *See MacDonald*, 2026 WL 2563361, at *6; See Resp't-Appellee's Br. 4.

Respectfully submitted,

*/s/ Kwame N. Akosah*

Kwame N. Akosah
Assistant Solicitor General

cc: All Counsel